# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOMMIE JOE MOORE, | ) |
|     Petitioner, | ) ) ) |
| -vs- | )   Case No. CIV-14-0533-F ) |
| TRACY McCOLLUM, Warden, | ) ) |
|     Respondent. | ) |

## ORDER

Petitioner Tommie Joe Moore, a state prisoner appearing *pro se* whose pleadings are liberally construed, seeks habeas relief under 28 U.S.C. § 2254. On April 7, 2016, Magistrate Judge Shon T. Erwin entered a Report and Recommendation (the Report), recommending the petition be denied. Doc. no. 15. Petitioner objects to certain aspects of the Report. Doc. no. 16. Petitioner has also moved for an evidentiary hearing, doc. no. 17, and for appointment of counsel, doc. no. 18. The court has reviewed the issues, including *de novo* review of all objected to matters as required by 28 U.S.C. §636(b)(1).

## Background

The Report includes a detailed statement of facts, but it is useful to set out the basic sequence of events here.

Searches of petitioner's property occurred on two different days, February 21, 2011, and February 25, 2011. Petitioner's objections to the Report implicate both searches.

Justin Scott (Director, District Six Drug Task Force) obtained a search warrant with respect to petitioner's property based on evidence from a controlled drug purchase by a confidential informant. The search warrant was executed on February 21, 2011, and petitioner was arrested.

After monitoring phone calls from the jail between petitioner and a female friend who was staying at the property, Scott and another investigator, Lawson Guthrie, returned to the property on February 25, 2011, to make contact with the female overheard in the phone calls. There, they spoke with Laveta Susan Baker who identified herself as the female in the calls. After Baker was confronted with the information which law enforcement had obtained from the calls, Baker took Scott and Guthrie to a spot on the property, in a field by a woodpile. According to the search warrant affidavit, this spot was west of the residence in an area away from all maintained curtilage of the residence. While at this location, Scott and Guthrie observed a clear, plastic container which law enforcement had been looking for after an image of the container was seen on the video of the controlled drug purchase. *See*, photo of plastic container *in situ*, state's ex. 13, bound at the end of the Tr. of jury trial, vol. 2.[1]

After the container was found, law enforcement arrived to secure the property and Scott returned to the district attorney's office at the Stephens County courthouse where he prepared and submitted an application for the second search warrant. He obtained the search warrant, returned to the property, and the warrant was executed that day although nothing additional was found in the house.

Petitioner was convicted in a jury trial in the District Court of Stephens County, State of Oklahoma, on charges of distribution and possession of CDS

---

[1]State court records were conventionally filed, per the Notice at doc. no. 10.

(methamphetamine) after former conviction of a felony, and on one charge of trafficking in methamphetamine after former conviction of a felony. A direct appeal resulted in a modified fine on the distribution charge but otherwise the convictions were affirmed. Petitioner applied to the District Court of Stephens County for post-conviction relief, which was denied. Denial of post-conviction relief was affirmed by the Oklahoma Court of Criminal Appeals. Except for the claim as to which petitioner was granted relief in his direct appeal, all of the grounds raised in the direct appeal, and all grounds raised in the state court application for post-conviction relief, are asserted as grounds for relief under 28 U.S.C. § 2254.

## Objections to the Report

Petitioner filed a timely objection to the Report, stating five objections.

### *First Objection*

In his first objection, petitioner complains that although the Report discusses the entry and search which occurred on February <u>25</u>, 2011, it does not address petitioner's claims that the February <u>21</u>, 2011, search was illegal as asserted in grounds nine, ten and eleven of his petition for habeas relief.[2] *Id.* In this objection petitioner argues the February 21 search was illegal because the drug task force officer knew or should have known that a private citizen had no authority to purchase or possess a controlled substance, even if the ultimate goal was to turn the evidence over to law enforcement authorities, so that the February 21 search was based on facially invalid warrant.

---

[2] Ground nine of the petition contends the February 21 search was illegal based on a facially invalid warrant because the drug task officer knew or should have known that a private citizen had no authority to purchase or possess a controlled substance. Ground ten contends trial counsel was ineffective for failing to make this and other arguments. Ground eleven contends appellate counsel was ineffective for failing to raise trial counsel's failure to make this and other arguments.

The Report notes petitioner's challenges to the February 21 search,[3] so it does not overlook that search. The Report then treats petitioner's first, second, third and twelfth grounds for relief as grounds raised in petitioner's direct appeal, after which it addresses "the remaining claims." Doc. no. 15, p. 16, part VI of the Report. There, the Report notes that except for one ground for relief – ineffective assistance of appellate counsel – all of the other grounds for habeas relief which are addressed in part VI of the Report (which includes the grounds aimed at the February 21 search) were found by the Oklahoma courts to have been waived. The Report states that these remaining claims are deemed waived under 22 O.S. § 1086, and that the Tenth Circuit has found § 1086 to be an independent and adequate state procedural rule which is sufficient to bar claims not raised on direct appeal from consideration in a federal habeas proceeding. Report, doc. no. 15, p. 16. Thus, the Report finds that all of petitioner's grounds for relief which relate to the February 21 search are waived, *except* to the extent the February 21 claims are couched in terms of ineffective assistance of appellate counsel.

The Report then addresses the non-waived claims of ineffective assistance of appellate counsel. The Report notes the state courts previously denied relief based on petitioner's ineffective assistance of counsel claims so that a "doubly deferential" standard applies. Doc. no. 15, p. 19. As stated in the Report, a federal court assessing a state prisoner's ineffective assistance of appellate counsel claim defers to the state court's determination that counsel's performance was not deficient, and further defers to the attorney's decision with regard to how to best represent the client. *Id*.

---

[3] *See*, Report's list of petitioner's grounds for relief, including, for example, ground 5 (evidence found during the February 21 search was not based on a facially valid warrant and should have been suppressed), and ground nine (evidence obtained through the February 21 search was tainted as the result of the purchase of drugs by an unauthorized private citizen). Doc. no. 15, pp. 6-7.

Applying these standards, the Magistrate Judge then discusses, and rejects, petitioner's ineffective assistance of appellate counsel argument related to trial counsel's failure to object to evidence obtained in the February 25 search. *Id*., pp. 19-21, part VI, A.

The Report does not, however, separately address petitioner's argument that appellate counsel was ineffective for failing to raise trial counsel's failure to challenge the February 21 search. Having considered that issue *de novo*, the undersigned concludes it does not entitle petitioner to relief. Contrary to petitioner's arguments regarding the illegality of the February 21 search, there is no prohibition against the state relying on evidence obtained as a result of a confidential informant's controlled buy, even when the informant is a private citizen. Accordingly, petitioner has not shown prejudice as a result of his appellate counsel's failure to raise, in the direct appeal, trial counsel's alleged failure to adequately challenge the February 21 search. The District Court of Stephens County, and the Oklahoma Court of Appeals, considered this issue and determined it provided no grounds for post-conviction relief under the standards of Strickland v. Washington, 466 U.S. 668 (1984). The Oklahoma Court of Appeals' decision is not contrary to, nor is it an unreasonable application of, Supreme Court law.

In these circumstances, the Report's failure to specifically discuss all aspects of petitioner's challenges to the February 21 search is not a reason to reject the Report. Having considered petitioner's first objection and the grounds for relief which relate to the February 21 search, including alleged ineffective assistance of appellate counsel, the first objection to the Report will be denied.

*Second, Third and Fourth Objections*

Petitioner's second, third and fourth objections to the Report relate to the allegedly illegal entry and search on February 25, 2011.

In the second objection, petitioner argues the Report errs at pp. 20-21 because the Magistrate Judge failed to conclude that Scott's visit to the property on February 25 was an unlawful intrusion as an uninvited invasion of the curtilage of petitioner's home for the sole purpose of seeing if there were drugs on the property. In this objection petitioner argues he is entitled to relief based on ineffective assistance of appellate counsel because appellate counsel did not raise trial counsel's failure to make this type of challenge to the February 25 search. Petitioner argues that Baker did not give consent to Scott's entry and search, and that no exigencies existed. Petitioner argues that the Oklahoma Court of Criminal Appeals' determination that appellate counsel was not ineffective for failing to raise trial counsel's failure to object to the evidence obtained on February 25 is contrary to, or an unreasonable application of, Supreme Court law.

Petitioner's third objection argues the Report errs at pp. 20-21 because "it does not report a break in the causal chain between [the] illegal warrantless entry onto petitioner's property and subsequent discovery of container on petitioner's property." Doc. no. 16, p. 7. Here, petitioner argues there was an illegal, warrantless entry onto the property on February 25, for several reasons. He argues that when Scott first went to the property on that date he did so for the sole purpose of seeing if drugs were on the property. He argues that Scott never informed Baker that she did not have to consent to the search. He argues that Baker did not consent. Petitioner argues that without Baker's purported (but allegedly invalid) consent, the plastic container would not have been discovered on the property.

Petitioner's fourth objection argues that the Report errs on pp. 2-3, and pp. 20-21, because the record does not establish that Baker had actual authority to consent to a search of the property on February 25, 2011. Petitioner argues "the state has not

established, with respect to the property, that [Baker] had joint access or control for most purposes over it on February 25, 2011." Doc. no. 16, p. 8.

As already discussed, the Report found that except to the extent that petitioner's grounds for habeas relief were based on ineffective assistance of appellate counsel, those grounds were waived because they were not included in petitioner's direct appeal as previously held by the Oklahoma Court of Criminal Appeals. *See*, doc. no. 15, p. 16 (petitioner's "remaining claims" were waived under 22 O. S. §1086, a state procedural rule sufficient to bar claims which were not raised on direct appeal from habeas review). To the extent that petitioner's arguments relate to the February 25 search and are based on ineffective assistance of appellate counsel, however, the Report found that this ground for relief had not been waived. Accordingly, the Magistrate Judge went on to address this ground.

The Report notes that there are contradictions in the trial testimony with respect to whether, after Scott confronted Baker with information gathered from the jail phone calls, Baker was instructed to take Scott to the place where the container was found or whether Baker voluntarily got into the golf cart and drove Scott to the spot where the plastic container was found. *See*, doc. no. 15, p. 3. Baker testified, "They told me to get on the golf car and instructed me to drive to a certain place." Doc. no.10 Tr. of jury trial, vol. 2, p. 200. On the other hand, Scott testified that after Baker was confronted with the information from the phone calls,[4] Baker "actually walked out of the resident and led us – she drove a golf cart down...." [Interruption for bench conference.] "She led us – she walked out and entered a golf cart and drove to an area

---

[4]Scott testified that there was "code talk" in the phone calls, and that in one call petitioner told Baker, "golf cart, remember where I took you. Go down there. One big one in there. Get it to Steve [Blanton]." Tr., vol. 2, pp. 145, 148-49.

back to the west of the primary residence out into an open field," which is where the plastic container was found. Doc. no. 10, Tr. of jury trial, vol. 2, pp. 95-97.[5]

As stated in the Report, <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), presents a substantial challenge to a litigant raising a claim of ineffective assistance of counsel before a state court. Doc. no. 15, p. 19. <u>Strickland</u> requires that to succeed on an ineffective assistance of counsel claim, a litigant most show both that his counsel's performance was constitutionally deficient, and that he was prejudiced by the unconstitutional performance. *Id*. at 687. The cause prong requires counsel's performance to have been completely unreasonable, not merely wrong. <u>Hoxsie v. Kerby</u>, 108 F.3d 1239, 1246 (10th Cir. 1997). The prejudice prong requires a litigant to demonstrate a reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different. <u>Strickland</u>, 466 U.S. at 694. As already noted, on federal habeas review, a petitioner seeking habeas relief based on an infective assistance of counsel claim which has been previously denied by a state court, faces an even greater challenge because the federal court owes deference to the state court's determination that counsel's performance was not deficient, as well as to the attorney's decision in how to best represent a client.

The Report concludes there is no basis for habeas relief with respect to appellate counsel's failure to raise issues concerning trial counsel's handling of the February 25 search. Doc. no. 15, pp. 19-21. After *de novo* review, the undersigned agrees. There are some gaps in the exact sequence of events which unfolded on February 25 when Scott and Guthrie returned to the property, spoke with Baker, and then were taken to the plastic container. And there was contradictory testimony about exactly

---

[5]At the preliminary hearing, Scott testified that Baker told him she was allowed to stay there, that they were "led to" the area where the Tupperware container was found, that the container was made of clear material, and that they could see inside of it. Tr., preliminary hearing, pp. 31, 33, 34.

what was said to Baker by Scott and Guthrie before Baker took them to the spot where the plastic container was located. But there is evidence to show that Baker had apparent authority to consent to the search; and Scott testified that after confronting Baker with information from the phone calls, Baker walked out of the residence and led them to the spot where the plastic container was located. In these circumstances the undersigned agrees with the Magistrate Judge that "[T]he OCCA's decision that appellate counsel was not ineffective for failing to raise an issue based on trial counsel's failure to object to the evidence at trial, is neither contrary to, nor an unreasonable application of Supreme Court law." Doc. no. 15, p. 21. Petitioner's second, third and fourth objections to the Report will be denied.

### *Fifth Objection*

Petitioner's fifth objection argues that the Magistrate Judge errs, at p. 25 of the Report, by concluding that the state court's decision to charge petitioner with trafficking was not a violation of due process. Petitioner argues he was charged with trafficking due to vindictiveness on the part of the prosecution. Petitioner argues he was prejudiced because of appellate counsel's failure to raise trial counsel's failure to make this due process argument. Doc. no. 16, p. 10. This ground for relief is addressed and rejected in Part VI. C. of the Report. The court agrees with that discussion and there is no need for additional analysis here. Petitioner's fifth objection to the Report will be denied.

### Motion for an Evidentiary Hearing

Petitioner moves for an evidentiary hearing to resolve the contested issue of whether he was denied effective assistance of counsel. An evidentiary hearing is not warranted and the motion will be denied.

Motion for Appointment of Counsel

Petitioner moves for appointment of counsel. He argues, among other things, that the issues are complex; that he has limited access to the prison law library; and that although ordered to do so by the Magistrate Judge, respondent did not attach to its answer portions of the transcript which are relevant to whether Baker had joint access or control over the property on February 25, 2011. As for the complexities of the issues and access to the law library, petitioner, appearing *pro se*, has provided a very capable explanation of his grounds for relief. As for the need to appoint counsel to obtain transcript pages, petitioner filed a reply brief when this matter was before the Magistrate Judge, doc. no. 13, which includes page citations to transcript testimony on the consent issue. Petitioner did not argue to the Magistrate Judge that he was hampered because he did not have access to transcripts relevant to the consent issue. Petitioner's objections to the Report also cite transcript pages regarding the consent issue. The motion to appoint counsel will be denied.

Conclusion

Having concluded its review, the court agrees with the result recommended in the Report. Plaintiff's objections to the Report are **DENIED**. Doc. no. 16. With a minor modification,[6] the Report is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. Doc. no. 15. The petition for a writ of habeas corpus is **DENIED**. Petitioner's motion for a hearing is **DENIED**. Doc. no. 17. And petitioner's motion for appointment of counsel is **DENIED**. Doc. no. 18.

---

[6]As adopted by this court, respondent Tracy McCollum's name is corrected from "McCullum" (the spelling used in the Report) to "McCollum," the spelling used throughout the record.

Certificate of Appealability Granted as to One Issue

Movant is entitled to a certificate of appealability only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is satisfied by demonstrating that the issues movant seeks to raise are deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. *See*, Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("[W]e give the language found in §2253(c) the meaning ascribed it in [Barefoot v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'"). "Where a district court has rejected the constitutional claims on the merits,...[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. When a prisoner's habeas petition is dismissed on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

In his second, third and fourth objections, petitioner makes certain arguments regarding the legality of the February 25, 2011 search, including ineffective assistance of appellate counsel for failure to raise trial counsel's performance with respect to the February 25 search. Despite the deferential standards which apply in this situation, the undersigned concludes that its rejection of arguments made in petitioner's second, third and fourth objections to the Report is a result which reasonable jurists would find debatable, and is a determination which satisfies the showing for a certificate of appealability to issue under 28 U.S.C. §2253(c)(2). A certificate of appealability is **GRANTED** with respect to the issues raised in petitioner's second, third and fourth objections, *i.e.* grounds for relief based on the alleged illegality of the February 25

search, including appellate counsel's failure to raise trial counsel's performance regarding challenges to the February 25 search. A certificate of appealability is **DENIED** with respect to other issues.

Dated this 19th day of May, 2016.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0533p001.wpd